SHARON C. COLLIER (State Bar No. 203450)
scc@severson.com
CHRISTOPHER T. SAKAUYE (State Bar No. 322314)
cts@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY STRATTON, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; IRIS, an individual; and DOES 1-25, inclusive,<br><br>    Defendants. | Case No.<br><br>[Former Contra Costa County Superior Court Case No. MSC21-00510]<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]**<br><br>Action Filed:  March 15, 2021<br>Trial Date:    None Set |

**TO THE HONORABLE JUDGES AND CLERK OF THE COURT:**

   **PLEASE TAKE NOTICE** that Defendant COSTCO WHOLESALE CORPORATION hereby removes to this Court the state court action described below:

**I.    STATUS OF PLEADINGS AND DISCOVERY**

   On or about March 15, 2021, Plaintiff TRACEY STRATTON (hereinafter "Plaintiff") filed a Complaint against COSTCO WHOLESALE CORPORATION (hereinafter "Costco") in the Contra Costa County Superior Court of California, entitled TRACEY STRATTON  v.

1  COSTCO WHOLESALE CORPORATION, et al., Case No. MSC21-00510 (hereinafter the
2  "Complaint") (Request for Judicial Notice in Support of Costco's Notice of Removal ("RJN"), Ex.
3  A).  The Complaint alleges causes of action for negligence and premises liability.  (*Ibid*.).  Costco
4  was served with the Summons and a copy of the Complaint on or about June 24, 2021.  (RJN, Ex.
5  A).

6  The Complaint alleges that on or about March 20, 2019 Plaintiff TRACEY STRATTON
7  was shopping at the Costco Wholesale located at 2201 Verne Roberts Circle in Antioch, CA.
8  (RJN, Ex. A).  As she was making her was through the store, Plaintiff "slipped on an unknown
9  substance on the floor and fell violently to the floor."  (*Ibid*).  Plaintiff provides no other
10 information about her fall.  (*Ibid*).  The Complaint seeks compensatory damages, including
11 hospital and medical expenses, lost wages, loss of earning capacity, as well as general damages.
12 (*Ibid*).  Attached to the Complaint is a statement of damages claiming "in excess of" $2,000,000 in
13 combined general and special damages.  (*Ibid*).

14 Costco filed an Answer to Plaintiff's Complaint on July 23, 2021.  (RJN, Ex. B).  In the
15 Answer, Costco asserted a general denial, as well as various affirmative defenses.  (*Ibid*.).

16 In addition to Costco, Plaintiff also named "IRIS, an individual," who Plaintiff contends
17 "was a supervisor and/or manager of the store at the time of Plaintiff's slip and fall."  (RJN, Ex.
18 A).  Plaintiff contends that "IRIS" is "an adult resident of Contra Costa County" and that she "was
19 responsible for the maintenance of the store at the time of Plaintiff's slip and fall."  (*Ibid*).

20 However, Costco is unaware of a "supervisor and/or manager" named "IRIS" who would
21 have been responsible for the maintenance of the store on the day of Plaintiff's slip and fall.
22 (Declaration of Ashton Laine (hereinafter "Laine Dec."), ¶ 2).  Furthermore, Plaintiff has provided
23 no additional information beyond the name "IRIS" and Plaintiff's unsupported belief that this
24 mysterious person is a resident of Contra Costa County.  To Costco's knowledge, Plaintiff has
25 been unsuccessful in serving "IRIS" with a copy of the Complaint and Summons or even in
26 identifying this mystery defendant.  (Declaration of Christopher T. Sakauye (hereinafter "Sakauye
27 Dec."), ¶ 2).

28

Since this action was commenced in the Contra Costa County Superior Court, removal to the Northern District of California is appropriate.

Costco informed Plaintiffs of Costco's intent to file this notice of removal in an email sent July 23, 2021 and asked if Plaintiffs would stipulate to removal. (Sakauye Dec. ¶ 4, Ex A). Plaintiffs' counsel did not respond and so it is assumed that Plaintiff will not cooperate in removing this case. (*Ibid*.). To date, Costco has received no response. (*Ibid*.).

## II.   STATEMENT OF JURISDICTION

This civil action involves parties who are citizens of different states and the amount in controversy exceeds $75,000. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332, and has the power to remove this matter to this Court pursuant to 28 U.S.C. § 1441(b).

### A.   Complete Diversity of Citizenship

In order to invoke federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, complete diversity of citizenship must exist between the parties. (*Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014)). Here, Plaintiff and Costco are citizens of different states. Mystery defendant "IRIS" is a sham defendant and should be disregarded by this court for the purposes of removal. Thus, diversity of citizenship exists between the parties.

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Where the complaint does not identify the plaintiff's domicile, that fact must be set forth in defendant's notice of removal. (*See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004)).

Here, Plaintiff is a resident of the state of California. Although Plaintiff does not allege their place of domicile in their Complaint, the Costco membership records indicate that she was and remains a resident of Contra Costa County at the time of this incident. (Sakauye Dec. at ¶ 3). Accordingly, Plaintiff was a citizen of the State of California.

In order to ascertain the citizenship of a corporation, courts look to the state of incorporation, and the state where the corporation has its principal place of business. (28 U.S.C. § 1332(c)(1)). Here, Costco is a corporation formed and incorporated under the laws of the State of Washington. (RJN, Ex. C). Moreover, Costco is headquartered and maintains its principal place of business at 999 Lake Drive, Issaquah, Washington 98207. (RJN, Ex. D). Accordingly, Costco was and is a citizen of the State of Washington.

Plaintiff has also named "IRIS, an individual" who Plaintiff specifically contends is "an adult resident of Contra Costa County" despite no evidence that this person actually exists or is a resident of Contra Costa County. (RJN, Ex. A).

Fraudulent joinder is a "term of art." (*McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987).) It occurs where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." (*Id*.) If joinder is determined to be fraudulent, the "defendant's presence in the lawsuit is ignored for purposes of determining diversity." (*Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001).)

Costco did not have a manager or supervisor working on the day of the accident named "IRIS." To maintain a cause of action for negligence in California, Plaintiff must be able to show that defendant breached a "legal duty" to Plaintiff. (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917.) To maintain a cause of action for premises liability in California, Plaintiff must show that a defendant had "control" over the property where Plaintiff was injured. (*Alcaraz v. Vece* (1997) 14 Cal.4th 1149, 1162.) Here, Plaintiff cannot show that "IRIS" had a legal duty to Plaintiff as a "supervisor and/or manager" of Costco because there was no supervisor or manager named "IRIS" on the day of the accident. (Laine Dec. at ¶ 2). Plaintiff cannot show that "IRIS" had control over the premises for the same reason. Therefore, Plaintiff will be unable to state a cause of action against "IRIS" for negligence and premises liability for "obvious" reasons. Additionally, Plaintiff has no evidence to support their claim that "IRIS" is even a resident of California. The mystery defendant "IRIS" should therefore by disregarded for purposes of

determining diversity.

As such, diversity-of-citizenship exists between the parties.

### B. No Resident Defendants

Pursuant to 28 U.S.C. § 1441(b)(2), when removing a case to federal court on the basis of diversity jurisdiction, none of the defendants may be "citizens of the State in which such action is brought." In this case, Plaintiffs reside in California. The only named and served defendant, Costco, is a citizen of the State of Washington. As discussed above, "IRIS, an individual" should be disregarded for purposes of determining diversity jurisdiction. To Costco's knowledge, Plaintiff has not effectuated service on any other "Doe" defendants. (Sakauye Dec. at ¶ 2). Thus, complete diversity exists because no defendant resides in the State of California.

### C. Amount in Controversy

Pursuant to 28 U.S.C. § 1332(a), in order to invoke diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs. When a plaintiff fails to "specify a particular amount of damages" in the complaint, the removing party is required to establish that it is "more likely than not" that the amount in controversy exceeds the statutory amount. (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *McPhail v. Derre & Co*, (10th Cir. 2008) 529 F.3d 947, 954 (removing defendant must prove by a preponderance of the evidence that the amount in controversy is satisfied)). In making that determination, courts consider compensatory costs, including general and special damages, as well as attorney fees. (*Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005)). Courts also consider "other papers" not filed with the court. (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d 1136, 1140 (9th Cir. 2013). The amount in controversy is merely an estimate of the total amount in dispute; it is not a prospective assessment of the defendant's liability. (*Lewis v. Verizon Communications, Inc.,* 627 F.3d. 395, 400 (9th Cir. 2010)).

A Plaintiff's concession that the amount in controversy exceeds $75,000 is sufficient to establish diversity jurisdiction upon this Court. (See *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 ("…where state law prohibited plaintiff from stating the amount in controversy in

the complaint, the district judge has discretion to accept the admission as establishing it. Otherwise, we would be adopting the illogical position that a plaintiff can establish the amount in controversy by an ad damnum, but not by a formal admission against the plaintiff's interest in choice of forum."). Such a concession is tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which we accept as the amount in controversy if done in good faith. (*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014)). Moreover, the Courts looks to "facts presented in the removal petition as well as any summary judgment type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Johnson v. Am. Online, Inc.*, 208 F.Supp.2d 1018 (N.D. Cal. 2003) (A Defendant may rely on discovery responses for determining the amount in controversy).

In the present case, Plaintiffs failed to specify an exact amount of damages in their Complaint. However, Plaintiff attached a statement of damages to their Complaint listing general and special damages "in excess of" $2,000,000. (See RJN, Ex A).

Accordingly, the amount in controversy exceeds the jurisdictional minimum in light of the significant special and general damages claimed by Plaintiff in this action. Moreover, Plaintiff's statement of damages for $2,000,000 is an admission that the amount in controversy exceeds $75,000.

## III.  TIMELINESS OF REMOVAL

Pursuant to 28 U.S.C. § 1446(b), a notice of removal, "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Here, Plaintiff served Costco with the Summons and a copy of the Complaint on or about June 24, 2021. (RJN, Ex. A).

Thus, because Costco first received notice that the amount in controversy exceeds the jurisdictional minimum from the statement of damages served with the Complaint, the 30-day timeline for removal began on June 24, 2021. Accordingly, Costco has timely and promptly filed

this petition for removal.

**IV.      JOINDER OF ALL DEFENDANTS**

In order to effectuate removal, all defendants must join in the notice of removal. (*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988)). In this case, Costco is the only named and served defendant in the state court action, other than the fraudulent defendant "IRIS" and the fictitiously named "Does." (See Sakauye Dec. at ¶ 2). Accordingly, this Notice of Removal is proper.

**V.       VENUE**

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the state court action was commenced.

**VI.     NOTICE TO PLAINTIFF**

Costco's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed in Case No. MSC21-00510 of the Contra Costa County Superior Court.

WHEREFORE, Costco prays that the above-entitled action, currently pending in the Contra Costa County Superior Court of California, be removed to the United States District Court for the Northern District of California, and that this action proceed in this Court as an action properly removed there.

DATED: July 23, 2021             SEVERSON & WERSON
                                 A Professional Corporation

                                 By: _____
                                     Christopher T. Sakauye

                                 Attorneys for Defendant COSTCO WHOLESALE
                                 CORPORATION

## PROOF OF SERVICE

**Stratton v. Costco Wholesale, et al.**
**Contra Costa County Case No. C21-00510**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On July 23, 2021, I served true copies of the following document(s):

**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) [DIVERSITY]**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL:** I caused a copy of the document(s) to be sent from e-mail address ear@severson.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 23, 2021, at San Francisco, California.

_____
Emily A. Rhea

75005.0059/15852196.1

**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]**

**SERVICE LIST**
**Stratton v. Costco Wholesale, et al.**
**Case No. C21-00510**

Daniel Azizi, Esq.
Downtown LA Law Group
601 N. Vermont Avenue
Los Angeles, CA  90004

daniel@downtownlalaw.com

213-389-3765
FAX: 877-389-2775

COUNSEL FOR PLAINTIF
TRACY STRATTON

75005.0059/15852196.1

**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]**