1  SHARON C. COLLIER (State Bar No. 203450)
   scc@severson.com
2  CHRISTOPHER T. SAKAUYE (State Bar No. 322314)
   cts@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
   Attorneys for Defendant COSTCO
7  WHOLESALE CORPORATION

8               UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11 | TRACEY STRATTON, an individual,        | Case No. 3:21-cv-5669-EMC
   |                                        |
12 |              Plaintiff,                | **DEFENDANT COSTCO WHOLESALE**
   |                                        | **CORPORATION'S NOTICE OF MOTION**
13 |     vs.                                | **AND MOTION TO DISQUALIFY**
   |                                        | **DOWNTOWN LA LAW GROUP FROM**
14 | COSTCO WHOLESALE CORPORATION, a        | **REPRESENTING PLAINTIFF;**
   | Washington Corporation; IRIS, an individual; | **MEMORANDUM OF POINTS AND**
15 | and DOES 1-25, inclusive,              | **AUTHORITIES**
   |                                        |
16 |              Defendants.               | Date:    December 16, 2021
   |                                        | Time:    1:30 p.m.
17 |                                        | Dept.:   Courtroom 5, 17th Floor
   |                                        |          The Hon. Edward M. Chen
18

19 TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20         PLEASE TAKE NOTICE THAT on a date and time to be determined by the Court, in

21 the above-entitled Court, Defendant Costco Wholesale Corporation ("Costco") will, and hereby

22 does, move to disqualify Plaintiff's counsel Downtown LA Law Group, as well as all attorney and

23 non-attorney personnel at Downtown LA Law Group from representing Plaintiff in this action.

24         This motion to disqualify is made on the grounds that one of the attorneys at the

25 Downtown LA Law Group, Anthony Werbin, previously represented Costco in 21 cases from July

26 5, 2017 to January 16, 2020 while employed with the law firm Manning & Kass, Ellrod, Ramirez,

27 Trester LLP.  Mr. Werbin possesses confidential attorney-client information belonging to Costco

28 that is materially related to the proceedings in the above-entitled action. These facts give rise to

75005.0059/15914630.1                                          Case No. 3:21-cv-5669-EMC

the presumption that Costco's confidential attorney-client information has been shared with Downtown LA Law Group and is being used against Costco in the above-entitled action. Any attempt at "ethical screening" of Mr. Werbin is impossible under the circumstances. Accordingly, Mr. Werbin and Downtown LA Law Group must be disqualified from representing Plaintiff.

This motion is based upon this notice, the attached memorandum of points and authorities, the declaration of Zois Johnston, and the declaration of Christopher T. Sakauye filed concurrently herewith, the Court's file in this action, and any additional argument or authority that may be submitted at or before the hearing on this motion.

DATED:  November 17, 2021

SEVERSON & WERSON
A Professional Corporation


By: _____
CHRISTOPHER T. SAKAUYE

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

# Table of Contents

I. INTRODUCTION ...................................................................................................................... 1

III. ARGUMENT ......................................................................................................................... 2

  A.  Principles Underlying California's Ethics Rules .............................................................. 2

  B.  Attorneys' Duties of Confidentiality to Former Clients Under California's Business and Professions Code and the California Rules of Professional Conduct ............................................. 4

    1.  Federal Courts Apply California Law in Determining Whether to Disqualify Counsel .... 4

    2.  Duty of Confidentiality ....................................................................................................... 4

    3.  The Duties of Confidentiality and Loyalty Apply to Former Clients................................. 5

  C.  DTLA Law Firm Must Be Disqualified from Representing Plaintiff in This Matter ............ 6

  D.  Werbin's Conflict of Interest is Imputed to DTLA Law Group ............................................ 8

  E.  The Court Should Exercise Its Authority to Order Disqualification of DTLA Law Group. 10

75005.0059/15914630.1          i          Case No. 3:21-cv-5669-EMC

DEFENDANT'S NOTICE AND MOTION TO DISQUALIFY DOWNTOWN LA LAW GROUP FROM REPRESENTING PLAINTIFF; MEMO. OF POINTS AND AUTHORITIES

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*City and County of San Francisco v. Cobra Solutions, Inc.,*
    38 Cal. 4th 839 (Cal. June 5, 2006) ....................................................................... 3, 6

*City Nat'l Bank v. Adams,*
    96 Cal. App. 4th 315 (Cal. App. 2d Dist. February 20, 2002) ................................ 4

*People ex rel. Dep't of Corps.* v. *SpeeDee Oil Change Sys., Inc.,*
    20 Cal. 4th 1135 (1999) .............................................................................. 3, 4, 10, 11

*Elan Transdermal Ltd. v. Cygnus Therapeutic Systems,*
    809 F. Supp. 1383,1390 (N.D. Cal. 1992) ........................................................... 10

*Guo Jun Chen v. Costco*
    (Case No. BC654699) ............................................................................................ 7

*H.F. Ahmanson & Co. v. Salomon Brothers, Inc.*
    (1991) 229 Cal.App.3d 1445 .............................................................................. 6, 7

*Hitachi, Ltd. v. Tatung Co.,*
    419 F. Supp. 2d 1158 (N.D. Cal. 2006) ............................................................. 9, 10

*Kennedy v. Eldridge*
    (2011) 201 Cal. App. 4th 1197 .......................................................................... 11

*Kim* v. *The True Church Members of Holy Hill Community Church,*
    236 Cal. App. 4th 1435 (2015) ............................................................................ 6, 8

*Oasis West Realty, LLC v. Goldman,*
    51 Cal. 4th 811 (Cal. May 16, 2011) ................................................................... 6

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ............................................................................... 4

*William H. Raley Co. v. Super. Ct.*
    (1983) 149 Cal. App. 3d 1042 ........................................................................... 8, 10

*Wutchumna Water Co. v. Bailey,*
    216 Cal. 564 (Cal. October 24, 1932) ............................................................. 2, 3, 4

**Statutes**

Business and Professions Code Section 6068 ...................................................... 4

Business and Professions Code section 6068, subdivision (e)(1) .......................... 4

75005.0059/15914630.1                  ii                  Case No. 3:21-cv-5669-EMC

DEFENDANT'S NOTICE AND MOTION TO DISQUALIFY DOWNTOWN LA LAW GROUP FROM
REPRESENTING PLAINTIFF; MEMO. OF POINTS AND AUTHORITIES

DTLA Law ...................................................................................................................*passim*

Interest is Imputed to DTLA Law ................................................................................. 8

Motion to Disqualify DTLA Law ............................................................................... 11

State Bar Act ................................................................................................................. 4

Werbin and the DTLA Law .......................................................................................... 9

**Other Authorities**

Calif. Op. LEXIS 10..................................................................................................... 4

California Rules of Professional Conduct Rule 1.6 ...................................................... 4

California Rules of Professional Conduct Rule 1.9 .................................................. 5, 8

L.R. 11-4 ....................................................................................................................... 4

Rule 1.6, Comment [1].................................................................................................. 4

Rule 1.6, Comment [2].................................................................................................. 5

Rule 1.10 ....................................................................................................................... 8

Rule 1.10(a)(2) .............................................................................................................. 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Defendant Costco Wholesale Corporation ("Costco") moves to disqualify Downtown L.A. Law Group ("DTLA Law Group") from its representation of Plaintiff, TRACEY STRATTON ("Plaintiff"). While Costco recognizes that disqualification is a disfavored remedy that is not to be sought lightly, the ethical conflicts for DTLA Law Group are so prejudicial to Costco that disqualification is required here.

### II.     STATEMENT OF FACTS

Attorney Anthony Werbin is an attorney at DTLA Law Group. Prior to joining that firm, he was counsel for Costco on 21 cases from July 5, 2017 to January 16, 2020, while working for Manning & Kass, Ellrod, Ramirez, Trester LLP. Declaration of Zois Johnston ("Johnston Decl.") at ¶2.  Werbin's representation of Costco involved matters relating to personal injuries substantially similar to the claims made by the Plaintiff in the instant case. *Id.* at ¶3.   Werbin also served as one of Costco's trial counsel in the case of *Guo Jun Chen v. Costco Wholesale Corporation* (Case No. BC654699) which went to trial on May 29, 2019, and which a verdict was rendered on June 4, 2019. *Id.* at ¶4.   In total, between 2017 and 2020, Werbin billed 1,195 hours of time working on Costco matters. *Id.* at ¶8.   While serving as Costco's attorney, Werbin handled virtually every aspect of Costco's file, which included, but was but not limited to, developing strategy, communicating with Costco employees as well as its claims administrator Gallagher Bassett, reviewing confidential and privileged documents, preparing responses to discovery, preparing witnesses to testify at depositions and defending numerous depositions of Costco employees, and developing litigation strategy. *Id.* at ¶5-7.  The confidential information conveyed to Werbin as Costco's counsel goes well beyond what could be gleaned through discovery. In connection with his work on these 21 cases, Werbin was privy to Costco's pre-litigation strategies, case handling procedures, attorney-client communications, confidential and proprietary information concerning Costco's operations, confidential client documentation, policies and procedures, and trade secrets. *Id.*   Moreover, in March 2019, Werbin was an active participant in a day-long California Defense Counsel Conference that Costco held for its panel of defense attorneys

in California in order to discuss California litigation, convey information, and share defense tools and strategies among its defense counsel. Notably, the group in attendance at the Conference was not every attorney who represents Costco on California cases but was, instead, a select group – a subset of attorneys - who worked on California cases for Costco. *Id.* at ¶7.

Plaintiff filed a personal injury lawsuit against Costco on March 15, 2021 , alleging causes of action for negligence and premises liability. Declaration of Christopher T. Sakauye ("Sakauye Decl.") at ¶2. In connection with representing Costco in this matter, undersigned counsel became aware that DTLA Law Group represents the Plaintiff. *Id.* at ¶3. Because Werbin possesses confidential information regarding Costco, and because Werbin holds a position of trust and loyalty with Costco, DTLA Law Group's continued representation of the Plaintiff threatens the fairness of these proceedings and undermines the integrity of the legal system and judicial process. While Werbin is not currently enrolled as counsel for Plaintiff in this matter, as discussed below, his conflict is imputed to DTLA Law Group and cannot be remedied by the imposition of an ethical wall. Further, given Werbin's knowledge of Costco's proprietary information and litigation strategy, Costco is reasonably concerned that, even if inadvertently, such information could be disclosed to DTLA Law Group. Given the importance of safeguarding a client's confidential information and fostering candid communications between attorneys and clients, disqualification is essential here. It is for these reasons that Costco moves that DTLA Law Group be disqualified from representing Plaintiff in this case.

### III.    ARGUMENT

**A.    Principles Underlying California's Ethics Rules**

It has long been the policy of California law that an attorney's duties of confidentiality and loyalty to clients do not end when the representation ends. The purpose of this policy is to foster uninhibited communications between attorneys and clients and in order to enhance the public trust in the Bar. As a result, the courts take a strict approach to ensuring that a former client's interests are protected. One of the most frequently-cited cases regarding an attorney's ethical duties to a former client is *Wutchumna Water Co. v. Bailey*, 216 Cal. 564 (Cal. October 24, 1932), in which Supreme Court of California announced:

> We are here declaring the policy of the law in promoting the administration of justice. The relation of attorney and client is one of highest confidence and as to professional information gained while this relation exists, the attorney's lips are forever sealed, and this is true notwithstanding his subsequent discharge by his client and notwithstanding the lack of any justification for such action.

*Id.* at 571. The *Wutchumna* Court went on to hold that an attorney's duty to a former client requires not only that a lawyer refrain from "divulging a client's secrets and confidences, but also from acting for others in any matters where such secrets or confidences or knowledge of the client's affairs acquired in the course of the earlier employment can be used to the former client's disadvantage." *Id.* The Court warned that, given the possibility of even unintentional or unconscious disclosure of confidential information, "[t]he path of unquestionable safety, would be found in abstention." *Id.* Thus:

> The test of inconsistency is not whether the attorney has ever appeared for the party against whom he now proposes to appear, but it is whether his accepting the new retainer will require him, in forwarding the interests of his new client, to do anything which will injuriously affect his former client in any matter in which he formerly represented him, and also whether he will be called upon, in his new relation, to use against his former client any knowledge or information acquired through their former connection. An attorney cannot use the knowledge acquired confidentially from his client in trafficking with his client's interests. This general and well-settled rule… springs from the very nature and necessities of the relation of attorney and client, and finds its highest sanction in the confidential character of that relation…The relation of attorney and client is one of mutual trust, confidence, and good-will…The relation being, in the highest degree, a confidential one, he is bound to the strictest secrecy and the most scrupulous good faith.

*Id.* at 572-73 (citations omitted). *See also People ex rel. Dep't of Corps.* v. *SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1146 (1999) ("The effective functioning of the fiduciary relationship between attorney and client depends on the client's trust and confidence in counsel.")

In *City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839, 846 (Cal. June 5, 2006), the Supreme Court of California further articulated: "Two ethical duties are entwined in any attorney-client relationship. First is the attorney's duty of confidentiality, which fosters full and open communication between client and counsel, based on the client's understanding that the attorney is statutorily obligated…to maintain the client's confidences. The second is the attorney's duty of undivided loyalty." *Id.* at 846 (citations omitted).

/ / /

The purpose of client confidentiality and loyalty is not just for the protection of the client's secrets, but also for the preservation of the public trust. As the Court stated in *City Nat'l Bank v. Adams*, 96 Cal. App. 4th 315 (Cal. App. 2d Dist. February 20, 2002), "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *Id.* at 324, citing *SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135.

**B.    Attorneys' Duties of Confidentiality to Former Clients Under California's Business and Professions Code and the California Rules of Professional Conduct**

**1.    Federal Courts Apply California Law in Determining Whether to Disqualify Counsel**

Federal courts apply California law in determining whether the circumstances warrant attorney disqualification, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009). ("By virtue of the district court's local rules, California law controls whether an ethical violation occurred.") The Northern District applies the California State Bar Act, the California Rules of Professional Conduct, and the related judicial decisions in assessing the standards of professional conduct. See N.D. Cal. L.R. 11-4.

**2.    Duty of Confidentiality**

The principles articulated in the cases cited above are codified in California's Business and Professions Code and in the California Rules of Professional Conduct. Section 6068 of the Business and Professions Code requires lawyers to "maintain inviolate the confidence, and at every peril to himself of herself to preserve the secrets of his or her client." Rule 1.6 of the California Rules of Professional Conduct, in turn, provides, "A lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) unless the client gives informed consent." Consistent with *Wutchumna,* the Comments to Rule 1.6 emphasize:

> Preserving the confidentiality of client information contributes to the trust that is the hallmark of the lawyer-client relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or detrimental subjects. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct.

Rule 1.6, Comment [1]. See also *In the matter of Johnson* 2000 Calif. Op. LEXIS 10, 4 Cal. State Bar Ct. Rptr. 179, *30 ("the very reason for both the duty of confidentiality and the attorney-

client privilege is to foster frank and open communication between client and lawyer so that the lawyer will be fully informed of the client's case and may counsel the best means to achieve the client's aims.").

The confidentiality requirement covers not just attorney-client communications, but any information learned through the representation of a client:

> The principle of lawyer-client confidentiality applies to information a lawyer acquires by virtue of the representation, whatever its source, and encompasses matters communicated in confidence by the client, and therefore protected by the lawyer-client privilege, matters protected by the work product doctrine, and matters protected under ethical standards of confidentiality, all as established in law, rule and policy.

Rule 1.6, Comment [2].

### 3.    The Duties of Confidentiality and Loyalty Apply to Former Clients

A lawyer's duties of confidentiality and loyalty apply not just to current clients but to former clients as well. Rule 1.9 of the California Rules of Professional Conduct provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client (1) whose interests are materially adverse to that person; and (2) about whom the lawyer had acquired information protected by Business and Professions Code section 6068, subdivision (e) and rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed written consent.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client to the disadvantage of the former client except as these rules or the State Bar Act would permit with respect to a current client, or when the information has become generally known; or (2) reveal information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client except as these rules or the State Bar Act permit with respect to a current client

The courts interpret the term "substantially related" broadly for purposes of ethical obligations. An attorney "is presumed to possess confidential information if the subject of the prior representation put the attorney in a position in which confidences material to the current

DEFENDANT'S NOTICE AND MOTION TO DISQUALIFY DOWNTOWN LA LAW GROUP FROM
REPRESENTING PLAINTIFF; MEMO. OF POINTS AND AUTHORITIES

representation would normally have been imparted to counsel." *City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839, 847 (Cal. June 5, 2006). Thus, an attorney may be precluded from representing a client adverse to a former client even if no confidential information is actually disclosed. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 823 (Cal. May 16, 2011). As the Court explained in *Oasis West Realty,* even if an attorney does not divulge confidential information to a subsequent adverse client, the attorney nevertheless knows information that will inform his or her actions in representing the new, adverse client, and thus, "the harm to the client is the same." *Id.*

**C.      DTLA Law Firm Must Be Disqualified from Representing Plaintiff in This Matter**

The courts apply a two-pronged test to determine whether a court must conclusively presume that an attorney has knowledge of confidential information about a prior client such that disqualification is mandatory. First, there must be a "substantial relationship" between the former representation and the current representation. *H.F. Ahmanson & Co. v. Salomon Brothers, Inc.* (1991) 229 Cal.App.3d 1445, 1454. Second, it must appear that "by virtue of the nature of the former representation or the relationship of the attorney to his [or her] former client" that "confidential information material to the current dispute would normally have been imparted to the attorney." *Id*. "Where the requisite substantial relationship between the subjects of the prior and the current representations can be demonstrated, access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation) is *presumed* and disqualification of the attorney's representation of the second client is mandatory." *Kim* v. *The True Church Members of Holy Hill Community Church*, 236 Cal. App. 4th 1435, 1454-55 (2015) (emphasis in the original). "[I]ndeed, **the disqualification extends vicariously to the entire firm**." *Id.* at 1455 (emphasis added).

Because of this conclusive presumption, a former client has two means to disqualify its former attorney's firm: the former client may show *either* (1) its former attorney representing an adverse party "actually possesses information adverse to the former client" *or* (2) a substantial relationship between the former and current representation such that "confidential information material to the current dispute would normally have been imparted to the attorney." *H. F.*

*Ahmanson & Co.* v. *Salomon Bros.*, 229 Cal. App. 3d 1445, 1452-54 (1991). Because of the availability of the conclusive presumption, "it is well settled that actual possession of confidential information need not be proved in order to disqualify the former attorney." *Id.* at 1452*, citing Global Van Lines* v. *Superior Court*, 144 Cal. App. 3d 483 (1983)

Costco satisfies both grounds for dismissal. As discussed above, Werbin was counsel for Defendant on 21 different cases between the years of July 5, 2017 to January 16, 2020 for personal injury matters substantially similar to Plaintiff's case. Werbin was the lead attorney who handled many of Defendant's cases. He served as one of two trial counsel in the case of *Guo Jun Chen v. Costco* (Case No. BC654699) which went to trial and a verdict was rendered. Further, Werbin one of a select number of attorneys in State of California who attended a Costco Defense Attorney Conference in which Costco and its defense counsel discussed various defense tools and strategies.  In fact, Werbin was an active participant in that meeting and followed up, in writing, with information for other defense counsel for Costco to consider.  As such, it is indisputable that Werbin was privy to Costco's confidential information and defense strategy. Further, as discussed above, in his capacity as Costco's attorney, Werbin handled every aspect of the file, including but not limited to, developing strategy, communicating with employees and warehouses, reviewing confidential and privileged documents in response to written discovery, defended numerous employee depositions, and overall case and litigation strategy. Moreover, Werbin was privy to Costco's confidential communications, confidential warehouse information, Costco's confidential documentation, confidential policies and procedures, trade secrets, pre-litigation strategies, tactics, and case handling procedures enacted by the client. More specifically, Werbin's prior Costco cases focused on Costco's policies and procedures regarding maintenance, internal best practices, and inspections and floor walks – all of which are likely to be explored in the present case. As such, the aforementioned confidential and privileged information, which would significantly impact the current litigation, was imparted to Werbin. In fact, according to advertising material on DTLA Law Group's website, Werbin admits that he will use his "unique perspective" gained from his time representing Costco and other "Fortune 500 Companies" when

/ / /

DEFENDANT'S NOTICE AND MOTION TO DISQUALIFY DOWNTOWN LA LAW GROUP FROM
REPRESENTING PLAINTIFF; MEMO. OF POINTS AND AUTHORITIES

representing plaintiffs against said defendants. This court must conclusively presume that Werbin

has knowledge of confidential information about Costco.

The balance of hardships and competing interests favor disqualification, particularly since

this case is still in its preliminary stages. Plaintiff's Complaint was filed on March 15, 2021. No

initial written discovery has been exchanged.  Sakauye  Decl. at ¶4.   As such, the costs associated

with this case are relatively minimal.  Moreover, Plaintiff would have plenty of time to find

another attorney to competently handle the case. The alternative, to allow DTLA Law Group to

continue to represent the Plaintiff, would require Costco to constantly investigate the fact, or

potential, that the firm will obtain and utilize Costco's confidential information, even if the use of

that information is unintentional. As the Court pointed out in *William H. Raley Co. v. Super. Ct.*

(1983) 149 Cal. App. 3d 1042, the balance is in favor of the "fundamental principle that the fair

resolution of disputes within our adversary system requires vigorous representation of parties by

independent counsel unencumbered by conflicts of interest." *Id.* at 1048.

## D.      Werbin's Conflict of Interest is Imputed to DTLA Law Group

As noted above, Werbin's conflict of interest is imputed to the DTLA Law Firm. *See Kim*,

236 Cal. App. 4th at 1454-1455. This rule codified by Rule 1.10, entitled "Imputation of Conflicts

of Interest: General Rule," which provides, in relevant part:

> (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rules 1.7 or 1.9, unless
> (1) the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm; or
> (2) the prohibition is based upon rule 1.9(a) or (b) and arises out of the prohibited lawyer's association with a prior firm, and
> (i) the prohibited lawyer did not substantially participate in the same or a substantially related matter;
> (ii) the prohibited lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
> (iii) written notice is promptly given to any affected former client to enable the former client to ascertain compliance with the provisions of this rule, which shall include a description of the screening procedures employed; and an agreement by the firm to respond promptly to any written inquiries or objections by the former client about the screening procedures.

In accordance with this rule, if an attorney is disqualified under Rule 1.9, no partner, or associate,

or any other lawyer affiliated with him or his firm, may accept or continue such employment. *Id.*

Under the language of this rule, the imputation of the conflict applies unless *all three* prongs of Rule 1.10(a)(2) are met. Because it is well-established that Werbin "substantially participated" in the representation of Costco in 21 cases in the three years immediately before he joined DTLA Law Group in which he represented Costco, the exception does not apply.

Costco anticipates that Werbin and the DTLA Law Group will argue that, even if Werbin is disqualified, DTLA Law Group should be permitted to represent the Plaintiff as long as it establishes an "ethical wall." This argument should fail. "The established rule in California is that where an attorney is disqualified from representing a client because that attorney had previously represented a party with adverse interests in a substantially related matter that attorney's entire firm must be disqualified as well, regardless of efforts to erect an ethical wall." *Hitachi, Ltd. v. Tatung Co*., 419 F. Supp. 2d 1158, 1161 (N.D. Cal. 2006) (citations omitted). "The established law in California rejects ethical walls." *Id.* at 1164. Even if ethical walls were permissible, disqualification is mandatory. In *Hitachi*, the Court was particularly concerned about the proximity of the disqualified attorney to the attorneys handling a patent litigation and the small size of the firm's intellectual department. *Id*. at 1165. In reaching the conclusion that even if ethical walls were permitted, it would still disqualify the firm representing defendant, the Court noted that:

> [t]he small size of Greenberg's Silicon Valley intellectual property department exacerbates the problem of proximity and leads the Court to conclude that the ethical wall is insufficient. Because of the small number attorneys practicing intellectual property in Greenberg's Silicon Valley office, and the even smaller number of attorneys practicing only intellectual property and intellectual property litigation, Mr. Hong likely has substantial contact with the Greenberg intellectual property attorneys handling this case. Further, although Greenberg has instituted a "closed door" policy when their attorneys are discussing the Tatung matter, Greenberg has not otherwise isolated Mr. Hong from the Tatung legal team.

*Id.* at 1165.

The concerns in this case are even more significant because, unlike *Hitachi,* there is no indication that DTLA Law Group has taken any steps to protect against disclosure of Costco's confidential information, whether intentional or inadvertent. In fact, in *Hitachi,* the conflicted attorney was told that his employment would be terminated if he shared any confidential information related to Hitachi with anyone at his new firm (*id.* at 1160), and the firm was still

disqualified. Further, the conflicted firm in *Hitachi* was a large firm that operated 28 offices, whereas, according to its website, the DTLA Law Group is an eleven-attorney personal injury firm with one office. The small size of DTLA Law Group exacerbates the problem of Werbin's proximity to the other members of the firm such that an ethical wall would not be feasible, even if it were allowed in California. Werbin's close proximity to his colleagues at DTLA Law Group increases the unease of Costco that its confidential information will be improperly disclosed, either intentionally or inadvertently. *Elan Transdermal Ltd. v. Cygnus Therapeutic Systems*, 809 F. Supp. 1383,1390 (N.D. Cal. 1992) ("The presumption of shared confidences is based on the common-sense notion that people who work in close quarters talk with each other, and sometimes about their work."). As a result, any attempts to create or maintain an ethical wall would be insufficient and ineffective, and the DTLA Law Group must be disqualified from representing Plaintiff in this matter.

### E.   The Court Should Exercise Its Authority to Order Disqualification of DTLA Law Group

"A trial court's authority to disqualify an attorney derives from the power inherent in every court [t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal. 4th 1135, 1145 (citing Cal. Code Civ. Proc. § 128(a)(5)). Exercise of that power requires a cautious balancing of competing interests, and the court must weigh the combined effect of: "a party's right to counsel of choice, an attorney's interest in representing the client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest." *Raley,* 149 Cal. App. 3d at 1048. "Ultimately, disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility." *SpeeDee Oil*, 20 Cal. 4th at 1145. "The paramount concern must be to preserve public trust in the scrupulous administration of

1   justice and the integrity of the bar. The important right to counsel of one's choice must yield to

2   ethical considerations that affect the fundamental principles of our judicial process." *Id.* Thus,

3   "where an attorney's continued representation threatens an opposing litigant with cognizable injury

4   or would undermine the integrity of the judicial process, the trial court may grant a motion for

5   disqualification, regardless of whether a motion is brought by a present or former client of recused

6   counsel." *Kennedy v. Eldridge* (2011) 201 Cal. App. 4th 1197, 1205. Given the facts outlined

7   above, Costco requests that the Court exercise its authority to disqualify DTLA Law Group.

8   **conclusion**

9       For the foregoing reasons, Defendant Costco Wholesale Corporation respectfully requests

10  that this Court grant its Motion to Disqualify DTLA Law Group as counsel for the Plaintiff in this

11  action.

12  DATED:  November 17, 2021                SEVERSON & WERSON
                                              A Professional Corporation

13

14

15                                           By: _____

16                                               CHRISTOPHER T. SAKAUYE

17                                           Attorneys for Defendant COSTCO WHOLESALE
                                             CORPORATION

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE AND MOTION TO DISQUALIFY DOWNTOWN LA LAW GROUP FROM
REPRESENTING PLAINTIFF; MEMO. OF POINTS AND AUTHORITIES